1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11   OMAR DEAYON,                          )      NO. CV 08-5566 RSWL (FMO)
                                           )
12              Petitioner,                )
                                           )
13        v.                               )      **ORDER ADOPTING FINDINGS,**
                                           )      **CONCLUSIONS AND RECOMMENDATIONS**
14   JAMES WALKER, Warden,                 )      **OF UNITED STATES MAGISTRATE JUDGE**
                                           )
15              Respondent.                )
   _____        )

16

17                            **INTRODUCTION**

18        On August 18, 2008,[1] petitioner, proceeding pro se, filed a Petition for Writ of Habeas

19   Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  On October 23,

20   2008, respondent filed a Motion to Dismiss the Petition ("Motion"), asserting that the Petition is

21   barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  Petitioner did not

22   file an Opposition to respondent's Motion.[2]

23

24

   _____

25        [1]    Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers
26   it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002);
     accord Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

27
          [2]    Pursuant to the Court's Order of September 26, 2008, petitioner's Opposition to the Motion
28   was due on November 24, 2008.

On December 8, 2008, the Magistrate Judge issued his Report and Recommendation ("R&R"), recommending that respondent's Motion be granted and that judgment be entered dismissing this action with prejudice. (See R&R at 1-2 & 8). On December 31, 2008, petitioner filed a "Response and Reply to Magistrate Judges Report" ("Objections").

## DISCUSSION

Petitioner raises three new arguments in an effort to establish an entitlement to equitable tolling. Petitioner contends that he was prevented from filing his Petition on time because: (1) his counsel failed to file a petition for review in the California Supreme Court and did not inform petitioner of his right to request review; (2) he was denied access to the law library because he "is housed in ad-segregation for non-disciplinary reasons[]"; and (3) he has no "education in the area of law." (See Objections at 2 & 4).

As an initial matter, the Court notes that petitioner's Objections raise new facts that were never presented to the Magistrate Judge. A district court has discretion not to consider evidence offered for the first time in a party's objections to a magistrate judge's proposed findings and recommendations. Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000), cert. denied, 534 U.S. 831, 122 S.Ct. 76 (2001) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."). Petitioner makes no effort to explain why he did not file an Opposition. (See, generally, Objections at 1-5). Under the circumstances, the Court will exercise its discretion and decline to consider the new evidence petitioner submitted with his Objections. "Such a policy is reasonable since the referral mechanism is intended to help ease the heavy workloads of the district courts and to aid in the efficient resolution of disputes." ISM Sports, Inc. v. Lemonia Gyro & Souvlaki, Inc., 2005 WL 1861308, at *2 (E.D.N.Y. 2005).

However, even on the merits, petitioner's Objections are insufficient to establish a basis for equitable tolling. AEDPA's one-year statute of limitations may be equitably tolled "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (emphasis added) (internal quotation marks and citation

1  omitted).  This standard requires petitioners, who bear the burden of establishing that equitable

2  tolling is applicable to his or her case, <u>see</u> <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir.), <u>cert.</u>

3  <u>denied</u>, 537 U.S. 1003, 123 S.Ct. 496 (2002), to meet a "very high threshold" in order to benefit

4  from equitable tolling.  <u>United States v. Battles</u>, 362 F.3d 1195, 1197 (9th Cir. 2004); <u>see</u> <u>also</u>

5  <u>Miranda</u>, 292 F.3d at 1066 ("[T]he threshold necessary to trigger equitable tolling under AEDPA

6  is very high, lest the exceptions swallow the rule.") (internal quotation marks, brackets and citation

7  omitted).  Not surprisingly, in light of this high threshold, "equitable tolling is unavailable in most

8  cases[.]"  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).

9          First, petitioner argues that he is entitled to equitable tolling because his counsel "chose

10  not to" file a petition for review in the California Supreme Court, and failed to "inform petitioner of

11  his right to request review before the highest state court."  (Objections at 2 & 4).  An attorney's

12  conduct must have been wrongful or sufficiently egregious in order to justify equitable tolling.  <u>See</u>

13  <u>Shannon v. Newland</u>, 410 F.3d 1083, 1090 (9th Cir. 2005), <u>cert. denied</u>, 546 U.S. 1171, 126 S.Ct.

14  1333 (2006) (Ninth Circuit cases granting equitable tolling have all "involved *wrongful* conduct,

15  either by state officials, or, occasionally, by the petitioner's counsel.") (italics in original); <u>Spitsyn</u>

16  <u>v. Moore</u>, 345 F.3d 796, 800 (9th Cir. 2003) ("[W]here an attorney's misconduct is sufficiently

17  egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of

18  AEDPA's statute of limitations."); <u>Ford v. Hubbard</u>, 330 F.3d 1086, 1106 (9th Cir. 2002), <u>vacated</u>

19  <u>on other grounds by</u> <u>Pliler v. Ford</u>, 542 U.S. 225, 124 S.Ct. 2441 (2004) ("there are instances in

20  which an attorney's failure to take necessary steps to protect his client's interests is so egregious

21  and atypical that the court may deem equitable tolling appropriate").

22          Here, apart from stating in a conclusory manner that his counsel failed to file a petition for

23  review and inform petitioner of his right to request review, petitioner provides no evidence (<u>e.g.</u>,

24  phone logs, mail logs, copies of letters, declarations) or facts to support his assertions.  (<u>See</u>,

25  <u>generally</u>, Objections at 1-5).  There is no evidence that petitioner requested, and his counsel

26  subsequently agreed, to file a petition for review in the California Supreme Court.  (<u>See</u>, <u>generally</u>,

27  <u>id.</u>).  In any event, the conduct of petitioner's counsel may have been, at most, negligent.  Mere

28  negligence, however, is not sufficient to qualify as an extraordinary circumstance justifying

equitable tolling.  See, e.g., Stillman v. Lamarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (Ordinary actions and omissions of counsel as well as "routine instances of attorney negligence do not constitute an 'extraordinary circumstance' that requires equitable tolling."); Miranda, 292 F.3d at 1067-68 (attorney's negligence does not justify equitable tolling); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (as amended), cert. denied, 535 U.S. 1055, 122 S.Ct. 1913 (2002) (Attorney's "negligence in general do[es] not constitute extraordinary circumstances sufficient to warrant equitable tolling.").

Further, even assuming, arguendo, that the actions of petitioner's counsel were wrongful or that petitioner diligently attempted to pursue his appeal to the California Supreme Court, there is no showing or evidence to support a finding that petitioner's counsel's actions "actually prevented [petitioner] from preparing or filing a timely petition."  Shannon, 410 F.3d at 1090. Indeed, the record demonstrates otherwise, i.e., that petitioner was not diligent in exhausting his claims.  For example, even though the appellate court affirmed petitioner's conviction on January 18, 2007, (Lodgment No. B; see Petition at 2-3), petitioner did not file any documents with the court until over a year later, on February 11, 2008, when he filed his habeas petition in the California Supreme Court.  (Lodgment No. C; see Petition at 3-4).  In fact, there is no evidence that petitioner took any action (e.g., contacting counsel to find out the status regarding the petition for review) between the time his appeal was decided by the court of appeal and when he filed his habeas petition in the California Supreme Court.  Under the circumstances here, petitioner's conduct does not demonstrate any diligence on behalf of petitioner.  See Miles, 187 F.3d at 1107 (equitable tolling is only appropriate where "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim").

Second, petitioner asserts that he "is housed in ad-segregation for non-disciplinary reasons[, which] . . . restricts his access because the petitioner now receives about two [] hours of law library time a month."  (Objections at 4).  As an initial matter, placement in administrative segregation does not generally constitute extraordinary circumstances that warrant the granting of equitable tolling.  See Corrigan v. Barbery, 371 F.Supp.2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary

1   confinement, lockdowns, restricted access to the law library, and an inability to secure court

2   documents, do not by themselves qualify as extraordinary circumstances."); Lindo v. Lefever, 193

3   F.Supp.2d 659, 663 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement,

4   lockdowns, restricted access to the law library and an inability to secure court documents do not

5   qualify as extraordinary circumstances.").

6        In any event, it is clear that petitioner did not need access to the law library to prepare and

7   file his habeas petition on time.  See Frye, 273 F.3d at 1146 (lack of access to library materials

8   does not automatically qualify as grounds for equitable tolling; rather, inquiry must be "fact-

9   specific"); Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam)

10  (denial of access to law library materials does not automatically qualify as grounds for equitable

11  tolling, as inquiry is "highly fact-dependent").  The three claims in the instant Petition are identical

12  to the claims petitioner raised in his direct appeal and habeas petition in the California Supreme

13  Court.[3]  (Compare Petition at 5, 13 & 16-21 with Lodgment Nos. B & C).  Petitioner proffers no

14  explanation as to why he required access to the law library to file, in effect, the same claims in

15  federal court that he raised in the state court on direct appeal and in his state habeas petition.

16  See Battles, 362 F.3d at 1198 ("Surely due diligence requires that Battles at least consult his own

17  memory of the trial proceedings."); see also Waldron-Ramsey v. Pacholke, 2009 WL 455506, at

18  *4 (9th Cir. 2009) (deprivation of legal materials insufficient to warrant equitable tolling where

19  petitioner "does not point to specific instances where he needed a particular document, could not

20  have kept that document within his permitted three boxes had he been cooperative, and could not

21  have procured that particular document when needed[]").

22       Finally, with respect to petitioner's claim that he "undertook a learning process" and had no

23  "education in the area of law[,]" such arguments have been consistently rejected by the courts.

24  _____

25      [3]   The three claims that were raised in the instant Petition, the direct appeal and habeas

26  petition to the California Supreme Court are:  (1) petitioner's right to due process was violated
    because there was insufficient evidence to convict him of selling drugs; (2) petitioner received

27  ineffective assistance of counsel because trial counsel revealed prior drug sales to the jury during
    voir dire; and (3) petitioner's constitutional rights were violated by the trial court's partial denial of

28  his discovery motion.  (See Petition at 5, 13 & 16-21; Lodgment Nos. B & C).

1   See, e.g., Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194,

2   121 S.Ct. 1195 (2001) (ignorance of law does not create extraordinary circumstances entitling a

3   petitioner to equitable tolling); Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir.), cert. denied, 531

4   U.S. 1035, 121 S.Ct. 662 (2000) (ignorance of law and pro se status held insufficient to toll statute

5   of limitations); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (per curiam), cert. denied, 528 U.S.

6   1007, 120 S.Ct. 504 (1999) (unfamiliarity with legal process and lack of representation do not merit

7   equitable tolling); Hines v. Runnell, 2003 WL 21031967 at *2 (N.D. Cal. 2003) ("unfamiliarity with

8   the law and limited education are not extraordinary circumstances that warrant equitable tolling");

9   Fisher v. Ramirez-Palmer, 219 F.Supp.2d 1076, 1081 (E.D. Cal. 2002) ("ignorance of the law does

10  not constitute such extraordinary circumstances" for purposes of equitable tolling); Frances v.

11  Miller, 198 F.Supp.2d 232, 235 (E.D.N.Y. 2002) (ignorance of law and legal procedure, lack of

12  funds, and limited access to legal assistance are not extraordinary circumstances entitling

13  petitioner to equitable tolling).

14          In sum, petitioner has not met the "very high threshold," Battles, 362 F.3d at 1197, of

15  establishing the existence of extraordinary circumstances beyond his control and that those

16  extraordinary circumstances were the cause of his untimeliness.  See Laws, 351 F.3d at 922.

17  Because the Petition clearly is untimely under 28 U.S.C. § 2244(d)(1) and cannot be saved by

18  statutory or equitable tolling, dismissal with prejudice is appropriate.

19                                              **CONCLUSION**

20          Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the

21  Petition, all of the records herein, the Report and Recommendation of the United States Magistrate

22  Judge, and the Objections to the Report and Recommendation.  The Court has made a de novo

23  determination of the portions of the Report and Recommendation to which Objections were

24  directed.  The Court concurs with and adopts the findings and conclusions of the Magistrate

25  Judge.  Accordingly, IT IS ORDERED THAT:

26  / / /

27  / / /

28  / / /

1.      Judgment shall be entered dismissing the action with prejudice.

2.      The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: March 17, 2009.

RONALD S.W. LEW

_____

HONORABLE RONALD S.W. LEW
Senior, U.S. District Court Judge